Opinion issued December 3, 2009











In The
Court of Appeals
For The
First District of Texas




NO. 01–09–00128–CV




RONALD L. SAVAGE AND WENDY S. SAVAGE, Appellants

V.

CENDANT MOBILITY FINANCIAL CORPORATION D/B/A CARTUS
FINANCIAL CORPORATION, Appellee

* * * * * * * *

CENDANT MOBILITY FINANCIAL CORPORATION D/B/A CARTUS
FINANCIAL CORPORATION, Appellant

V.

RONALD L. SAVAGE AND WENDY S. SAVAGE, Appellees




On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2006-70903




MEMORANDUM OPINION
          By interlocutory memorandum order, dated September 18, 2009, we dismissed
the appeal of appellants/appellees, Ronald L. Savage and Wendy S. Savage, because
they had neither established indigence, nor paid or made arrangements to pay the
clerk’s fee for preparing the clerk’s record, see Tex. R. App. P. 20.1 (listing
requirements for establishing indigence), 37.3(b) (allowing dismissal of appeal if no
clerk’s record filed due to appellant’s fault), and, after being notified that their appeal
was subject to dismissal, they did not adequately respond. See Tex. R. App. P. 42.3(c)
(allowing involuntary dismissal of appeal).
          In that same interlocutory memorandum order, we notified appellee/appellant,
Cendant Mobility Financial Corporation d/b/a Cartus Financial Corporation
(Cendant) that it appeared that we did not have jurisdiction of its appeal because it
was not timely perfected. See Tex. R. App. P. 26.1(d) (providing that if any party
timely files notice of appeal, another party may file notice of appeal within applicable
period or 14 days after first filed notice of appeal, whichever is later.) We notified
Cendant that its appeal was subject to dismissal unless, within 15 days from the
issuance of the September 18, 2009 memorandum order, it explained how this Court
had jurisdiction. See Tex. R. App. P. 42.3(a) (after giving 10 days’ notice to all
parties, appellate court may dismiss the appeal if it is subject to dismissal for want of
jurisdiction). The 15 days have passed, and Cendant has not responded to our
September 18, 2009 memorandum order.
          Here, 30 days from the date of the trial court’s February 18, 2009 signing of the
judgment appealed from was March 20, 2009. Fourteen days from the first filed
notice of appeal, which was filed on February 20, 2009, was March 6, 2009. Cendant
did not file its notice of appeal until August 5, 2009, which was well after either
deadline under Texas Rule of Appellate Procedure 26.1(d). Because Cendant did not
timely perfect its appeal, we dismiss its appeal for want of jurisdiction. See Tex. R.
App. P. 26.1(d); 42.3(a).
          We merge our earlier interlocutory dismissal of Ronald L. Savage’s and Wendy
S. Savage’s appeal with our dismissal of Cendant’s appeal. We dismiss the entire
appeal. We dismiss any pending motions as moot.
PER CURIAM
Panel consists of Justices Jennings, Higley, and Sharp.